

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Affirmed by C-625

Honorable Frank D. Quinn
Executive Director
Texas State Parks Board
Austin 11, Texas

Dear Sir:

Opinion No. 0-6663

Re: Payment of claims against
appropriation for Special
Park Fund for the fiscal
year ending August 31,
1945, when supplies were
ordered prior to August
31, 1945 and delivered
subsequent to September 1,
1945.

We are in receipt of your letter of recent date re-
questing the opinion of this department on the above stated
matters. We quote from your letter as follows:

"During the months of March through August,
1945, this department placed a number of orders
for supplies with the State Board of Control in
the same manner as we have done throughout the
years. The amount of said orders was well within
the funds available for such purposes out of the
current appropriation (ending August 31, 1945) for
the Special Park Fund, and it was contemplated that
the payment for said supplies would be made from
said fund.

"The orders were placed in the normal course
of business, and said items were ordered in quan-
tities consistent with good purchasing practices
with respect to purchasing supplies for a State
Park System. It was contemplated that delivery of
the supplies ordered and contracted for would be
made shortly after the dates of the respective
orders and that the use of the items would begin
immediately upon delivery and during the fiscal
year which ended August 31, 1945. However, due to
wartime emergencies and circumstances beyond the
control of the seller or purchaser, the supplies
were not delivered until after September 1, 1945.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Frank D. Quinn,  page 2

"Had delivery of the supplies been made in the normal manner, said supplies would have been in use during the fiscal year ending August 31, 1945, even though, in view of the recognized good business practice of quantity purchasing with respect to certain items, a part of such supplies may not have been fully exhausted during the fiscal year ending August 31, 1945 and would have been carried over for use in the succeeding year.

"Requests for payment of the invoices on said orders have been presented to the State Comptroller, and he refuses to issue warrants thereon, based on the contention that the supplies were not delivered prior to September 1st, and therefore cannot be paid for out of Special Park Fund.

"May we call your attention to the following provisions in the Departmental Appropriation Bill, S. B. 317, A. S. 49th Leg., under the Texas State Parks Board section:

"'All of the previous annual balance in the Special Park Fund and all future receipts deposited in the Special Park Fund are hereby appropriated and re-appropriated for each year of the biennium for maintenance and improvements of the State Parks. * * *

"'All the above appropriation shall be subject to the approval of the State Auditing Committee and none of the funds herein provided shall be spent until such approval shall have been had.'

"In regard to the last paragraph of the above-quoted portion of the Appropriation Bill, the Legislative Audit Committee requested that we submit a proposed budget to cover our future expenditures beginning September 1st, 1945, which budget was approved by said committee. The items and amounts of said budget were given fund numbers by the State Comptroller, as per attached list.

"On August 31st, there was a balance in Special Park Fund of slightly over $39,000.00. Of this amount, $20,000 was arbitrarily transferred by the State Comptroller to apply on the approved budget. This left a balance of over $19,000.00 in Special Park Fund.

Hon. Frank D. Quinn,   page 3

"It is our contention that the above-described invoices presented to the State Comptroller and rejected for payment by the Comptroller should be paid out of Special Park Fund for the reason that it was the intention of the Legislature that only those orders placed after September 1, 1945, be approved by the Legislative Audit Committee, and that all orders placed by the Board before September 1, 1945, should be paid upon delivery, even though not delivered until after September 1.

"We respectfully request an opinion from your department as to whether the State Comptroller should issue warrants in payment of the above-mentioned accounts; and if said accounts are eligible for payment, please advise as to the proper appropriation and fund from which said payment should be made."

This department has heretofore passed on certain propositions which are pertinent to the questions raised by your inquiry.

In Opinion No. 0-2380, addressed to Hon. Geo. H. Sheppard, State Comptroller, this department held that an unexpended balance in an appropriation for supplies for the operation and maintenance of a department for a given fiscal year could not be used for the purchase of supplies not needed, or to be used, during said fiscal year, when it was contemplated that said supplies were to be used only in the subsequent fiscal year. We quote from said opinion, as follows:

"We do not hold that supplies purchased during the current fiscal year for the operation and maintenance of a department during the year may not be paid for out of the current year's appropriation simply because, through error in judgment, more than was necessary were ordered. Government is a going business concern, and much of that business must of necessity be left to the honest discretion of those to whom management is confided. In the very nature of things, exact estimates are impossible; and legislative enactments must be interpreted, if possible, in the light of the realities. Of course, therefore, supplies may be paid for out of the year's appropriation, though a part of them may be carried over for use during the next fiscal year. We simply hold herein that the balance in an appropriation for supplies for the operation and maintenance of a department for one fiscal year may not be deliberately used for the

Hon. Frank D. Quinn,   page 4

purchase of supplies not needed for the current year's operations, but intended for use only in the subsequent fiscal year."

In Opinion No. O-2631, addressed to Hon. Geo. H. Sheppard, it was held that when an item is included in a specific appropriation for a particular fiscal year, and delivery of same is postponed until the subsequent fiscal year, such circumstances would not preclude the payment for said item out of the appropriation for the previous fiscal year.  Said opinion pointed out that the time of actual delivery of an item was not always the test in determining whether the claim for said item is eligible for payment against the particular appropriation for a given year which had included said item.

In Opinion No. O-6246, addressed to Hon. Geo. H. Sheppard, this department held that a current appropriation for a particular fiscal year could be used to pay the entire premium on a five-year insurance policy on a certain building.  We quote from said opinion, as follows:

"It is a matter of common knowledge that a five-year fire insurance policy is far more economical than insuring for a year or two years at a time.  It is a matter of common knowledge that it is customary practice on the part of those charged with the responsibility for a sizeable investment in buildings to take out fire insurance for a term longer than two years; in fact, a five year policy is quite common, and it is recognized as a good business practice.

"* * *

"Appropriations have never been limited to those items where the benefits created by the appropriation would be exhausted by the end of the term of the two-year appropriation period.

"* * *

"It is the opinion of this department that the Board of Regents of The University of Texas was authorized to enter into a five year contract for fire insurance on the Law Building of The University of Texas, together with its contents, and to pay all of the premium from the current appropriation, provided there is an appropriation for that purpose."

Hon. Frank D. Quinn,   page 5

It is apparent that it was contemplated that the balance in the Special Park Fund which the Forty-ninth Legislature intended to re-appropriate was for the purpose of making said money available to pay for items in the budget for the biennium beginning September 1, 1945, said budget pertaining to items which were to be purchased for the State Park System after September 1, and had no reference to those items purchased and intended to be in use during the preceding fiscal year ending August 31, 1945.

In view of the holdings of the hereinabove mentioned opinions, and in view of the facts stated, it is our opinion that the funds representing the appropriation for the fiscal year ending August 31, 1945, for the purpose of purchasing supplies for the State Park System, became encumbered at the time of the orders or contracts, to the extent of the amount of said orders or contracts, and that such portion of the funds so encumbered constituted no part of the balance which the Legislature intended to re-appropriate for the State Park System for the biennium beginning September 1, 1945, which was contemplated to be applied on the payment for the budgeted items for said biennium. It is therefore our opinion that the Comptroller should issue warrants against the appropriation for the fiscal year ending August 31, 1945, for the Special Park Fund in payment for the supplies ordered and contracted for during said year on the basis of said appropriation, when it was intended that said supplies would be in use during said fiscal year. It is our further opinion that the payment of such claims is subject to the provisions of the Act governing the appropriations for the Special Park Fund for the biennium ending August 31, 1945.

We trust that the above and foregoing will satisfactorily answer your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By   J. C. Davis, Jr.
J. C. Davis, Jr.
Assistant

By   J. A. Ellis
J. A. Ellis
Assistant

JAE:LJ

APPROVED OCT 31 1945

FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN